793 F.2d 1291
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THOMAS CHARLES FORAN, Plaintiff-Appellant
v.
GRAND TRUNK WESTERN RAILROAD COMPANY, a Michigan
corporation, Defendant-Appellee.
 85-1533
 United States Court of Appeals, Sixth Circuit.
 5/22/86
 
 REVERSED AND REMANDED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and JONES, Circuit Judges; and THOMAS, Senior District Judge*.
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiff-Appellant Foran seeks relief from an order of dismissal in the district court erroneously entered on April 16, 1982. We reverse the judgment of the district court.
 
 
 2
 Foran, a former railroad employee, filed suit againstDefendant-Appellee railroad under the Federal Employer's Liability Act, 45 U.S.C.A. Sec. 51 et seq., on September 22, 1981. The district court dismissed Foran's case on April 16, 1982 for failure to procure service of process within ninety days of the filing of the complaint. The parties agreed at oral argument, however, that the district court mistakenly dismissed the suit, for the railroad was served on September 29, 1981, and subsequently answered.
 
 
 3
 After learning of the dismissal, Foran's counsel contacted the district court clerk and was told that if he sent in a copy of the railroad's Answer the case would be reinstated. He supplied the clerk with a copy of the Answer. However, counsel heard nothing further from the clerk. In the meantime the parties proceeded to conduct discovery, as both were under the impression that the case was validly docketed in the district court.
 
 
 4
 Appellant's counsel formally moved to reinstate the case on May 4, 1984. The district court denied the motion to reinstate, and a subsequent motion for rehearing. An appeal was taken from the district court's denial of the motion to reinstate but the appeal was ultimately dismissed by this court for want of prosecution. In the meantime, Foran had moved the district court in March 1985 to dismiss the order of dismissal under Rule 60(b)(4) and 60(b)(6). The district court treated the motion as one under Rule 60(b)(1) and denied it as untimely on June 20, 1985. This appeal followed.
 
 
 5
 At oral argument counsel for the railroad vigorously opposed Foran's attempt to have this case reinstated, on the ground that it would be hard to defend this 'stale' action. Nonetheless, it appears that a clerical error initially caused the district court to dismiss the complaint sua sponte. We agree that Appellant's counsel probably should have filed a formal motion to reinstate sooner. However, under Rule 60(a) of the Fed. R. Civ. Pro. and in an exercise of our supervisory authority we decline to forever bar Appellant's claim because of a clerical error which originated with the court below. The 'power and the duty' of the courts to correct a judgment that contains a clerical error is recognized by the Supreme Court:
 
 
 6
 It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake. Gagnon v. United States, 193 U.S. 451. Rule 60(a) of the Federal Rules of Civil Procedure recognizes this power and specifically provides that '[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.'
 
 
 7
 American Trucking Assns. Inc. v. Frisco Transp. Co., 358 U.S. 133, 145 (1958).[1]
 
 
 8
 The judgment of the district court is reversed and the case remanded with instructions to redocket the case and proceed accordingly.
 
 
 
 *
 The Honorable William K. Thomas, Senior District Judge of the United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 See also Nat'l Equipment Rental, Ltd. v. Figurine Salon, 19 F.R.Serv. 2d 1426, 1428 (E.D.N.Y. 1975); 6A J. Moore & J. Lucas, Moore's Federal Practice p60.06, (2d ed. 1985)